Filing # 50608731 E-Filed 12/29/2016 03:08:13 PM

IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

USAA CASUALTY INSURANCE
COMPANY,                                                    CASE NO.:

                Plaintiff,

vs.

TITEFLEX CORPORATION,

                Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, USAA Casualty Insurance Company, by and through its undersigned counsel, and hereby files this complaint against Defendant, TiteFlex Corporation, and alleges the following:

### The Parties

1.    Plaintiff, USAA Casualty Insurance Company (hereinafter "Plaintiff"), is and has been at all times relevant hereto an insurance corporation organized and existing under the laws of the State of Texas with its principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas 78288.

2.    At all times relevant hereto, Plaintiff insured the real and personal property of the home of Julia Montgomery located at 220 Flores Way, Jacksonville, Florida 32259 (hereinafter referred to as the "Property").

LEGAL\28916856\1

Exhibit "2"

3. Defendant TiteFlex Corporation (hereinafter "Defendant") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located at 603 Hendee Street, Springfield, Massachusetts 01104.

4. Defendant can be served with process by serving its registered agent, CT Corporation Systems, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

## Jurisdiction and Venue

5. Jurisdiction and venue are proper in this Court because the cause of action occurred in this County and the damages suffered by the Plaintiff exceed the jurisdictional limitation of this Court, exclusive of interest, costs, and attorney's fees.

6. This Circuit Court has subject matter jurisdiction pursuant to Florida Statute § 26.012.

7. This Circuit Court has personal jurisdiction over the Defendant pursuant to Florida Statute § 48.193.

8. Venue is proper in this jurisdiction pursuant to Florida Statute § 47.051 as the cause of action accrued in Duval County and the Property is located in Duval County.

## Facts Common to All Counts

9. This case arises from a July 15, 2016 fire at the Property.

10. This fire caused damage to the Property in an amount in excess of the jurisdictional limitation of this Court.

11. At all times material to this Complaint, Plaintiff provided property insurance coverage for the Property.

12. Pursuant to the terms of its insurance policy, Plaintiff paid its insured for covered damage to the Property in an amount in excess of the jurisdictional limitation of this Court.

13. Pursuant to its indemnification of its insured, USAA is subrogated to all claims and rights of actions of Julia Montgomery against the parties responsible for the fire, to the extent of its payment.

14. Plaintiff's investigation revealed that the fire was caused by the failure of the corrugated stainless steel tubing (hereinafter "CSST") gas supply system installed in the home.

15. Specifically, Plaintiff's investigation determined that the CSST became electrically energized as a result of lightning during a storm on July 15, 2016.

16. The electrical energy caused an electric arc which burned a hole through the thin wall of the CSST, allowing gas to escape and causing a fire.

17. The CSST installed in the Montgomery home was GasTite branded CSST manufactured by Defendant TiteFlex Corporation.

18. At the time that the CSST left Defendant TiteFlex Corporation's control, it was in a defective and unreasonably dangerous condition that left it unsafe for its normal, intended, and foreseeable use.

19. The CSST was in substantially the same condition at the time of the fire at the Property as when it left Defendant TiteFlex Corporation's control.

LEGAL\28916856\1

## COUNT I – STRICT LIABILITY

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though such allegations have been included herein.

21. The CSST was defective and unreasonably dangerous for its normal, intended, and foreseeable use because:

   A. The extremely thin walls of the CSST are abnormally susceptible to electric arc induced perforations;

   B. The CSST's abnormal susceptibility to electrically induced perforations is not apparent to users upon reasonable inspection;

   C. The CSST lacks adequate warnings regarding its abnormal susceptibility to electrically arc induced perforations;

   D. The CSST lacks adequate instructions to ameliorate the hazard of electrically arc induced perforations;

   E. The dangers of electrically induced perforations in the CSST outweighs its utility;

   F. Reasonable alternatives were available to the CSST that would safety meet the same need; and/or

   G. Other conditions or defects as discovery may reveal.

22. As a direct, foreseeable, and proximate result of the CSST's defective and unreasonably dangerous condition, Plaintiff sustained the damages for which it seeks compensation in this lawsuit.

WHEREFORE, Plaintiff demands judgment against Plaintiff in an amount in excess of the jurisdictional limit of this Court, plus interest, costs of this action as may be allowed by law, and for such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though such allegations have been included herein.

24. As the manufacturer and seller of the CSST, Defendant TiteFlex Corporation owed to all foreseeable users of the product, including Julie Montgomery, the duty to use reasonable care in its design, development, production, marketing, and sale so as to avoid exposing such users to an unreasonable risk of harm to their persons and property.

25. Defendant breached its duty to Plaintiff by:

   A. Failing to develop the CSST product so that it could withstand normal and expected field installation conditions, including electrical charges to which it might be exposed;

   B. Failing to adequately test the product before marketing it to ensure that it could withstand reasonably foreseeable field installation conditions, including exposure to electrical energy;

   C. Failing to adequately warn installers and users of the product of its susceptibility to damage when exposed to electrical energy;

   D. Failing to warn users of the product of the substantial risk of fire associated with the product when exposed to electrical energy;

E. Failing to provide adequate instructions regarding the installation of the product;

F. Inaccurately marketing CSST as a superior alternative to other gas piping products already available on the market when in fact it was not superior because of its abnormal susceptibility to electrically induced perforations; and

G. Other acts or omissions as discovery may reveal.

26. As a direct, foreseeable, and proximate result of the Defendant's breaches of duties and negligence, Plaintiff suffered the damages for which it seeks compensation in this lawsuit.

WHEREFORE, Plaintiff demands judgment against Plaintiff in an amount in excess of the jurisdictional limit of this Court, plus interest, costs of this action as may be allowed by law, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of December, 2016.

/s/ Joshua R. Goodman
Joshua R. Goodman, Esquire
Florida Bar No. 0149276

COZEN O'CONNOR
200 South Biscayne Blvd., Suite 4410
Miami, Florida 33131
Phone: (305) 704-5946
Fax:   (866) 248-2897
JGoodman@cozen.com

LEGAL\28916856\1