**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

USAA CASUALTY INSURANCE
COMPANY,

    Plaintiff,

vs.

Case No. 3:17-cv-00456-J-34JBT

TITEFLEX CORPORATION,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff USAA Casualty Insurance Company (USAA) initiated the instant action by filing a two-count Complaint (Doc. No. 2; Complaint) against Defendant Titeflex Corporation (Titeflex) in state court. On April 18, 2017, Titeflex removed the action to this Court. See Notice of Removal (Doc. No. 1; Notice). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.

See id. Here, Count II of the Complaint "repeats and realleges" all of the allegations set forth in Count I. See Complaint ¶ 23.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will give USAA an opportunity to file an amended complaint which corrects the shotgun nature of the Complaint.

Accordingly, it is **ORDERED**:

1. Plaintiff's Complaint (Doc. No. 2) is **STRICKEN**.

2. Plaintiff shall file an amended complaint curing the shotgun nature of the Complaint on or before **May 12, 2017**. Failure to do so may result in a dismissal of this action.

3. Defendant shall respond to any amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida on April 24, 2017.

*MARCIA MORALES HOWARD*
United States District Judge

lc24

Copies to:

Counsel of Record